139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Lawrence Earl MANGUM, Defendant-Appellant.
 No. 97-15525.
D.C.No. CV-96-06374-REC.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Eastern District of California Robert E. Coyle, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 MEMORANDUM*
 Federal prisoner Lawrence Earl Mangum appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence for his 1988 guilty plea conviction to bank robbery in violation of 18 U.S.C. § 2113(a). The district court concluded that Mangum's motion was barred by the one year statute of limitations of section 105 of the Antiterrorism and Effective Death Penalty Act of 1996, and dismissed. Mangum, however, filed his 2255 motion on December 19, 1996, which was within one year of the enactment of the AEDPA. After the district court entered its decision, we held that "no petition filed on or before April 23, 1997--one year from the date of AEDPA's enactment--may be dismissed for failure to comply" with the one year time limit. Calderon v. United States Dist. Court ("Beeler".), 128 F.3d 1283 (9th Cir.1997), cert. denied, --- U.S. ----, 118 S.Ct. 899, 139 L.Ed.2d 884, 66 USLW 3427, (U.S. Jan. 26, 1998) (No. 97-953); see 28 U.S.C. § 2255. In light of our recent decision, the district court's decision is
 VACATED AND REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3